# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT AT NEW HAVEN

FILED

2011 NOV -8 P 12: 18

U.S. DISTRICT COURT
NEW HAVEN, CT

DARRELL  NEILANDER. , Pro Se'
Plaintiff

V.

BANK OF AMERICA CORPORATION
Defendant
Does 1 through 10

)
)
)
)
)
)
)
)
)

Case No: 3: 11-cv- 1726 W W E

**Civil Rights Violation Complaint**
**Trial By Jury Demanded**

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

**Comes now** the Plaintiff DARRELL NEILANDER :

Plaintiff's Complaint is based on the Fair Credit Reporting Act *15 U.S.C. § 1681 et seq*. (FCRA)
At all times hereinafter mentioned, The Plaintiff is a resident of New Haven County State of
Connecticut from here forward DARRELL NEILANDER , will be known as the Plaintiff. In
addition Bank of America from here forward will be known as Defendant.

## JURISDICTION AND VENUE

Jurisdiction of this court arises pursuant to *15 U.S.C. §1681(p)* and  *15 U.S.C. §1692k(d)* and
which states that such actions may be brought and heard before "any appropriate United States
district court without regard to the amount in controversy."

The Defendant is a "credit lender" and conducts business in the state of Connecticut and is
headquatered at 401 Tyron Street, NC1-021-02-20 Charlotte, NC 28255. Defendant is described
and governed under the laws by Fair Credit Reporting Act *15 U.S.C. § 1681 et seq*

The Plaintiff brings this action to the fact as to how an alleged account was or was not reported
to credit bureaus. Defendant reported this account to a national credit reporting agency Experian
inaccurately.  The State of Connecticut abides by and adheres to these laws. Specifically the Fair
Credit Reporting Act *15 USC §1681, et seq*

The Plaintiff brings this action to the fact as to how an alleged account was or was not reported
correctly and reported erroneous and inaccurate information in the Plaintiffs Credit reports and

1

failed to provide proof of the alleged account. And wrongful actions of the Defendant in the credit reporting of the alleged account, <u>violated the civil rights</u> of the Plaintiff and the law as outlined in the Fair Credit Reporting Act 15 USC §1681, *et seq*. Plaintiff reserves the right to amend his complaint as other Defendants and violations become evident.

## PRELIMINARY STATEMENT

Plaintiff brings this action for damages based upon Defendant violations of the Fair Credit Reporting Act, 15 U.S.C. 1681 <u>et seq</u>. ("FCRA"). Reporting erroneous and inaccurate information in the Plaintiffs' Credit Report and for willful and negligent non-compliance. Defendant is a furnisher of information as contemplated by FCRA section 1681s-2(a) & (b), (n) & (o) that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

## INTRODUCTION

On or about December 08, 2010 Plaintiff requested copies of his credit report from Experian online. Upon review the Plaintiff found that the Defendant was reporting erroneous, inaccurate and derogatory information in the plaintiff's credit reports.  Upon inspection of the said credit reports the Plaintiff observed that Defendant listed on the Plaintiffs Experian credit report indicating an account with them. Plaintiff disputed Bank of Americas alleged account via Experian's online dispute service. On or about December 28, 2010 via U S Mail Plaintiff received an updated credit report from Experian stating that Defendant had verified information as accurate and verified and item was unchanged.

On or about January 11 2011 the Plaintiff sent a letter of Validation to the Defendant via certified US Mail which the Defendant received on January 23, 2011. Plaintiff requested that Defendant validate and investigate this alleged debt and cease and desist reporting this unverified debt.

On or about February 27, 2011 Plaintiff received an unsigned letter from Defendant stating that Defendant could not verify any information unless Plaintiff supplied additional information and Plaintiff may be charged monies for documents requested.  Any documents would not be forthcoming until payment was received. In addition such documents could take up to 60 days to receive. To date the Defendant has failed to validate the alleged debt and has done continued

2

collection activity through today's date by continually reporting this erroneous alleged debts and have not provided proper validation or an accounting of the alleged debt.

Experian has indicated they are reporting the information correctly and as reported and verified by the Defendant. At no time did Defendant report the alleged debt in dispute with Experian. The Defendant has been reporting erroneous and inaccurate information in the Plaintiff's credit reports since December 2010 to present date.

## Count 1 against the Defendant under FCRA

**Civil liability for willful noncompliance [15 U.S.C. § 1681n]**

(a) In general. Any person who **willfully** fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of

(1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or

(B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater;

(2) such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

(b) Civil liability for knowing noncompliance. Any person who obtains a consumer report from a consumer reporting agency under false pretenses or knowingly without a permissible purpose shall be liable to the consumer reporting agency for actual damages sustained by the consumer reporting agency or $1,000, whichever is greater.

(c) Attorney's fees. Upon a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper. As a result of defendants' willful failure to comply with the FCRA, Co-defendants are liable to the Plaintiff in an amount equal to the sum of (i) any actual damages sustained by the plaintiff as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 for each such

3

violation; (ii) such amount of punitive damages as the court may allow; and (iii) the costs of this action together with reasonable attorneys' fees.

Plaintiff restates and reiterates herein all previous paragraphs.

**Plaintiff demands judgment in the amount of $12000.00.** This is based on every month that the Defendant violated the FCRA {eleven months} by willfully failing to comply with the requirements of the FCRA, times $1000.00, This is allowed for every month that the Defendant fails to comply with the FCRA and its regulations.

## Count 2 against the Defendant under FCRA

**Civil liability for negligent noncompliance [15 U.S.C. § 1681o]**

(a) In general. Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of

(1) any actual damages sustained by the consumer as a result of the failure; and

(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

(b) Attorney's fees. On a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper.

**Plaintiff demands judgment in the amount of $12000.00.** This is based on every month that the Defendant violated the FCRA (eleven months) by negligently failing to comply with the requirements imposed under the FCRA,    This is allowed for every month that the Defendant fails to comply with the FCRA and its regulations.

## Count 3 against the Defendant under FCRA:

The plaintiff has disputed with the Defendant's and Experian in the same time frame and the

Defendant has not complied with the FCRA. The Defendant has damaged the Plaintiff's credit score, credit report, and Plaintiff's character by saying that the Plaintiff doesn't pay his bills.

**Reporting erroneous and inaccurate information**

**According to the Fair Credit Reporting Act, section 623. Responsibilities of furnishers of information to consumer reporting agencies:**

(a)Duty of furnishers of information to provide accurate information.

(1) Prohibition.

(A) Reporting information with actual knowledge of errors. A person shall not furnish any information relating to a consumer to any consumer-reporting agency if the person knows or consciously avoids knowing that the information is inaccurate.

(B) Reporting information after notice and confirmation of errors. A person shall not furnish information relating to a consumer to any consumer-reporting agency if

(i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate: and

(ii) the information is, in fact, inaccurate.

(2) Duty to correct and update information. A person who

(A) regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

(B) has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate.

(3) **Duty to provide notice of dispute**. If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.

(b) Duties of furnishers of information upon notice of dispute.

(1) In general. After receiving notice pursuant to section 611(a)(2) [§ 1681i] of a dispute with

5

regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [§ 1681 i];

(C) report the results of the investigation to the consumer reporting agency; and

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.

(2) Deadline. A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 611 (a)(1) [§ 1681 i] within which the consumer reporting agency is required to complete actions required by that section regarding that information.

**Plaintiff demands judgment in the amount of $12000.00.** This is based on every month that the Defendant violated the FCRA (eleven months) by reporting erroneous and inaccurate information. This is allowed for every month that the Defendant fails to update the report by marking the alleged account in dispute.

## Count 4 against the Defendant under FCRA

The Defendant has failed to indicate that the Plaintiffs credit report is in dispute in the Plaintiffs three credit reports as the Defendant has not provided proof of any alleged account from January 2011 and through today in all three credit reporting bureaus. Defendant has failed to indicate that the alleged account is in dispute.

**Failure to mark the account in dispute**

**According to the Fair Credit Reporting Act, section 623. Responsibilities of furnishers of information to consumer reporting agencies**

(a) Duty of furnishers of information to provide accurate information.

(1) Prohibition.

(A) Reporting information with actual knowledge of errors. A person shall not furnish any information relating to a consumer to any consumer-reporting agency if the person knows or

6

consciously avoids knowing that the information is inaccurate.

(B) Reporting information after notice and confirmation of errors. A person shall not furnish information relating to a consumer to any consumer-reporting agency if

(i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate: and

(ii) the information is, in fact, inaccurate.

(2) Duty to correct and update information. A person who

(A) regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

(B) has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate.

**(3) Duty to provide notice of dispute. If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.**

The Plaintiffs credit report from Experian do not reflect that the information is disputed by the consumer even though the Plaintiff has sent a letter of dispute to the Defendant and to date the Defendant has not responded.

**Plaintiff demands judgment in the amount of $12000.00** Based on every month (eleven months} the Defendant has failed to mark the account in dispute times $1000.00 per violation. The Defendant has broken the FCRA by updating the reports each month without marking the alleged account in dispute.

7

## Count 5 against the Defendant under FCRA

**§ 615. Requirements on users of consumer reports *15 U.S.C. § 1681m(G)***

(2) upon request of the consumer to whom the debt purportedly relates, provide to the
consumer all information to which the consumer would otherwise be entitled if
the consumer were not a victim of identity theft, but wished to dispute the debt
under provisions of law applicable to that person.

**The Defendant has damaged Plaintiff both monetarily and emotional. Plaintiff demands
judgment; for punitive damages for $100000.00 along with $48000.00 for Defendants
violations of FCRA** This is based on every day that the Defendant violated the FCRA in
Plaintiffs credit reports (eleven months through today) by willfully failing to comply with the
requirements of the FCRA, times $1000.00. This is allowed for every day that the Defendant
fails to comply with the FCRA and its regulations.

## Summation

Plaintiff has disputed the alleged accounts with the Defendant and the Credit Reporting Agency
Experian in a timely manner.  And therefore the Defendant is now reporting erroneous and
inaccurate information on the Plaintiff's credit reports and the Defendant has failed to provide
proof of the account as requested by the Plaintiff  In addition to not reporting the alleged account
in dispute. The Plaintiff now has a negatively impacted credit score as of this date and has been
denied credit and/or denied credit at reasonable rates because of the willful noncompliance and
negligent actions of erroneous and inaccurate reporting and/or inaction's of the Defendant.
Defendant has not only violated the Plaintiff's civil rights but damaged the Plaintiff both
monetarily and emotionally.

8

**WHEREFORE,** the Defendant has violated the Fair Credit Reporting Act. the Fair Debt Collections Practices Act..

Plaintiff demands Judgment in the amount of $48,000.00 plus all costs and attorneys fees of this action along with punitive damages in the amount of $100,000.00 for their violations of FCRA and any other damages, court costs and attorneys fees the court deems permissible.

Respectfully submitted this      Day of November, 2011.

Darrell Neilander
30 King Street
Wallingford, CT 06492
203-376-4407
dneilander@sbcglobal.net

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the forgoing complaint/summons

**Darrell Neilander {Plaintiff}** 30 King Street Wallingford CT 06492

vs.

**Bank of America Corporation  Defendant** 401 Tyron Street, NC1-021-02-20 Charlotte, NC 28255.

**CT Corpoartion System {Agent for Service-Defendant}** 150 Fayetteville Street Box 1011, Raleigh, NC 27601

**Wilson Elser Moskowitz Edelman & Dicker LLP, Christopher S. Antoci (Attorney for Defendant)** 1010 Washington Boulevard, Stamford, CT 06901

Has been served upon the Defendant via Federal Marshals , on or about the      day of November, 2011 with affidavit of service by Connecticut State Marshall/ Federal Marshals  to be submitted to the Clerk of the Court.

Darrell Neilander
30 King Street
Wallingford, CT 06492
dneilander@sbcglobal.net

9